UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. JONES,

                        Petitioner,                  Case No. 2:18-cv-13003
                                                                 Hon. Gershwin A. Drain

v.

JOSEPH BARRETT,[1]

                        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Michigan inmate Anthony D. Jones filed this petition for writ of habeas corpus under 28 U.S.C. §2254 on September 21, 2018. Dkt. No. 1. Petitioner Jones is in prison as a result of his Wayne County Circuit Court jury trial convictions on multiple counts of second, third, and fourth-degree criminal sexual conduct. *See People v. Jones*, 2018 Mich. App. LEXIS 105, *1 (Jan. 16, 2018).

The petition raised two claims: (1) Petitioner was arrested in violation of his Fourth Amendment Rights, and (2) appellate counsel was ineffective for failing to raise Petitioner's illegal arrest claim on direct appeal.

Because Petitioner has not presented his habeas claims to the Michigan Court of Appeals, and because he still has an opportunity and adequate time to pursue state post-conviction review, the petition will be summarily dismissed.

---

[1]The Court substitute Warden Joseph Barrett as the proper party Respondent. *See* Habeas Rule 2(a).

After a petition for habeas corpus is filed the Court must undertake a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

A federal habeas petitioner must exhaust remedies available in the state courts before filing his petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971). To properly exhaust state remedies, a habeas petitioner must present each of his federal issues to *both* the state court of appeals *and* to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (emphasis added). Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

The district court can and must raise the exhaustion issue on its own when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

Here, Petitioner has not exhausted his state court remedies with respect to either of his habeas claims. He states in his petition that the first time he presented his claims in the state courts

2

was to the Michigan Supreme Court. The Court of Appeals decision from his direct appeal confirms that his appellate counsel did not raise his illegal arrest claim in that court. *Jones, supra.*

Under *Rose v. Lundy*, district courts are directed to dismiss petitions containing unexhausted claims without prejudice in order to allow petitioners to return to state court to present their unexhausted claims to the state courts. 455 U.S. 509, 522 (1982). Petitioner has an available state court remedy. He may still file for state post-conviction review under Michigan Court Rule 6.501 et seq. by filing a motion for relief from judgment in the trial court, and then if the motion is denied, he may appeal that decision through the state appellate courts.

Finally, Petitioner is not in danger of running afoul of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). The starting point for the one-year deadline is 90 days after the Michigan Supreme Court denied relief, which just occurred on September 12, 2018. *People v. Jones*, No. 157106 (Mich. Sup. Ct. Sept. 12, 2018).

Accordingly, the Court will dismiss the petition without prejudice because Petitioner has failed to exhaust his state court remedies.

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**IT IS FURTHER ORDERED**, that permission to appeal in forma pauperis is **DENIED** because any appeal of this order would be frivolous. 28 U.S.C. § 1915(a)(3).

Dated: November 1, 2018

                                                s/Gershwin A. Drain
                                                HON. GERSHWIN A. DRAIN
                                                United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 1, 2018, by electronic and/or ordinary mail.

                                                s/Teresa McGovern
                                                Case Manager